**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

MARK McKENZIE                                                    PLAINTIFF

        v.                    Civil No. 05-3011

UNITED STATES OF AMERICA                                          DEFENDANT

### O R D E R

Now on this 24th day of April, 2006, comes on for consideration a certain letter, written by plaintiff's counsel to the United States Magistrate Judge, in which he requests a hearing in the captioned matter "regarding the current state of this case and the Court's granting of the Defendant's Motion to Stay the Proceedings." A copy of that letter has been filed as Plaintiff's Motion For Reconsideration, and the defendant's letter response has been filed as Defendant's Response To Motion For Reconsideration.

1.    This matter began as an action under the Federal Tort Claims Act on March 8, 2005. On January 31, 2006, in response to defendant's Motion To Stay The Proceedings, the Court administratively terminated the case, "subject to being reopened on motion of either party upon the disposition of a FECA claim based on the facts of this case."

2.    Plaintiff's letter states that the case is now "in a state of limbo that will not end because no workers' compensation case was ever filed by the Plaintiff." Defendant disagrees.

3.    The Court is puzzled as to why plaintiff's counsel

contacted the Magistrate Judge in connection with the Court's January 31 Order, since a proper request for reconsideration must be addressed to this Court and a proper notice of appeal must be addressed to the Eighth Circuit Court of Appeals. Nevertheless, the Magistrate Judge was kind enough to forward the letter to the Court and it will now be addressed.

The Court notes that, although the letter is not a proper vehicle by which to request reconsideration (or to appeal, for that matter), it is being treated as a request for reconsideration in order to get the dispute resolved and, hopefully, move this matter on toward conclusion. In that regard, the Court has reviewed the file to determine whether there is any merit to plaintiff's contention that he is in "a state of limbo that will not end." It concludes that the contention is without merit.

4. The administrative termination was granted on the basis of defendant's contention that there is a "significant possibility" that plaintiff's claim is covered under the Federal Employee's Compensation Act ("FECA"). This contention was supported by the Declaration of Edward G. Duncan, Deputy Director for Federal Employees' Compensation, Office of Workers' Compensation Programs, United States Department of Labor. Mr. Duncan opined that there was a significant possibility that plaintiff's claim was covered under FECA for three reasons:

* He had reviewed a Rural Carrier Trip Report kept by the

Postal Service showing that plaintiff had signed in to
work before he was injured, and a decision of the
Employee Compensation Appeals Board ("ECAB") held that
an employee within the time and space limits of
employment who takes care of a personal errand does not
ordinarily leave the course of employment to do so.

* Even if plaintiff had not signed in to work at the time
of his injury, ECAB case law holds that an employee is
covered for a reasonable interval before official
working hours while engaged in preparatory or incidental
acts.

* Rural mail carriers are considered to be performing duty
while traveling to and from work.

The FTCA claim filed by plaintiff indicates that he was going
to work the morning of his fall, and that all the other employees
were already at work. His deposition indicates that he had parked
in the employee parking lot before walking to the front door area,
where he fell. Given the ECAB case law and the facts admitted by
plaintiff, the Court agreed with defendant that there is a
substantial possibility that plaintiff's claim is covered by FECA.

5. Where there is a substantial question regarding whether
FECA coverage exists, several circuits have held that the
plaintiff cannot turn first to the District Court for a tort
remedy, but must start by making a claim under FECA, so that the

coverage issue can be resolved by the agency.  See, e.g., **Tippetts v. U.S.**, 308 F.3d 1091 (10th Cir. 2002); **Noble v. U.S.**, 216 F.3d 1229 (11th Cir. 2000); **Bennett v. Barnett**, 210 F.3d 272 (5th Cir. 2000);  **DePippa v. U.S.**, 687 F.2d 14 (3d Cir. 1982); **Reep v. U.S.**, 557 F.2d 204 (9th Cir. 1977).

These cases point out that a substantial question exists unless it is certain that the Secretary of Labor would not find coverage.  Whether one parses the coverage issue as a "substantial question," or a "significant possibility," or (as the Court put it) a "genuine issue," the Court believes these cases point to the conclusion that the plaintiff must begin his quest for compensation by filing an FECA claim.  If that claim is accepted and paid, he has no further recourse.  If the Secretary of Labor concludes that there is no coverage for his injury, he may then return to this Court and seek to reopen his FTCA case.  Either way, plaintiff's case is not "in a state of limbo that will not end."

**IT IS THEREFORE ORDERED** that plaintiff's letter motion for reconsideration is **denied.**

**IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
    **JIMM LARRY HENDREN**
    **UNITED STATES DISTRICT JUDGE**